**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NORMA J. STALEY,

       Plaintiff,

v.                                                                Case No. 6:16-cv-1027-Orl-37GJK

LIBERTY MUTUAL INSURANCE
COMPANY,

       Defendant.

---

**ORDER**

This cause is before the Court on the following:

1.     Plaintiff's Motion to Remand to State Court (Doc. 11), filed June 22, 2016; and

2.     Defendant's Response to Plaintiff's Motion to Remand to State Court with Defendant's Incorporated Memorandum of Law (Doc. 16), filed July 5, 2016.

Upon consideration, the Court finds that the motion is due to be denied.

On February 17, 2016, Plaintiff initiated this personal injury action against its insurer in state court for benefits under an underinsured motorist policy ("**UM Policy**") following an automobile accident. (Doc. 2 ("**Complaint**").) After receiving service of the Complaint on May 24, 2016, and based on diversity jurisdiction, Defendant timely removed the action to this Court on June 14, 2016. (Doc. 1.) Because the initial notice of removal failed to properly allege Defendant's state of incorporation, the Court ordered Defendant to file an amended notice with sufficient citizenship allegations. (Doc. 5.) Accordingly, Defendant filed the operative notice of removal on June 20, 2016. (Doc. 10

("**Notice of Removal**").)

To establish diversity of citizenship, Defendant alleges that: (1) Plaintiff is a citizen of Florida; and (2) Defendant is a citizen of Massachusetts. (*Id.* ¶¶ 3–4.) As for the requisite amount in controversy ("**AIC**"), Defendant attached a demand letter to the Notice of Removal from Plaintiff's counsel ("**Counsel**"), which includes: (1) an itemized list of Plaintiff's past medical bills totaling $63,724.43 ("**Medical Bill Summary**")); and (2) a request that Defendant tender the full amount of the $100,000 UM Policy limits "[i]n exchange for a full release of [Plaintiff's] bodily injury claim." (Doc. 10-5 ("**Demand Letter**")).

On June 22, 2016, Plaintiff moved to remand the action back to state court on the ground that Defendant had not met its burden in demonstrating the requisite AIC for diversity jurisdiction. (Doc. 11 ("**Motion**").) In its response, Defendant referenced not only the Demand Letter, but also Plaintiff's Civil Remedy Notice (Doc. 16-2 ("**CRN**")), in which Plaintiff reported that her damages exceed the UM Policy limits. (Doc. 16, p. 2.)

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the AIC exceeds $75,000. 28 U.S.C. § 1332(a). The defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Courts measure the AIC at the time of removal based on the face of the complaint,

notice of removal, and any other relevant papers. *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751, 754–55 (11th Cir. 2010). Here, several relevant papers reveal that the AIC requirement is met. First, in the CRN, Counsel represents that Plaintiff sustained damages "far in excess of the minimal $100,000.000 [UM Policy] limits." (Doc. 16-2.) Moreover, the Complaint itself references Plaintiff's "demand for payment of all damages pursuant to the terms of the [UM] insurance coverage provided by Defendant." (Doc. 2, ¶ 10.) Finally, in addition to past medical expenses—documentation of which totals $63,724.43—the Complaint alleges that Plaintiff suffered and will suffer past and future losses in the form of permanent injury "to the body as a whole," physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, loss of capacity of the enjoyment of life, aggravation of an existing condition, loss of earnings, and loss of the ability to earn money. (Doc. 2, ¶ 7.) Taken together with the Demand Letter, Defendant has shown by a preponderance of the evidence that the AIC exceeds $75,000. As such, Plaintiff's Motion is due to be denied.

Regrettably, the instant Motion falls within the all-too-familiar category of motions that are "so patently without merit that further analysis is unwarranted." *See Jankovic v. Progressive Am. Ins. Co.*, Case No. 6:14-cv-530-Orl-31KRS (Doc. 15, p. 2). Pursuit of such unwarranted relief is in clear contravention of Counsel's obligations under Federal Rule of Civil Procedure 11. Consequently, the Court will require Counsel to show cause as to why sanctions should not be imposed for such violation.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      Plaintiff's Motion to Remand to State Court (Doc. 11) is **DENIED**.

2.      On or before Wednesday, **November 2, 2016**, Plaintiff's counsel is

**ORDERED TO SHOW CAUSE** by written response why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11 for filing a patently meritless motion.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 20, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record